RAMIREZ, C.J.
Florida Farm, LLC appeals the dismissal of its four count complaint filed against appellee 360 Developers, LLC, the developer of a condominium unit, in which Florida Farm sought to cancel the purchase agreement and obtain the return of its escrow deposit. We affirm.
Florida Farm purchased a residential condominium unit from 360 Developers on December 2, 2004. As a condition of ownership, buyers were required to become members of a condominium and homeowner association. Almost three years later, Florida Farm sought to cancel the contract because it did not receive a “Disclosure Summary” pursuant to section 720.401 Florida Statutes (2004), which governs homeowners associations. As such, Florida Farm claimed to be entitled to void the purchase agreement under section 720.401(l)(c), which allows a prospective buyer to rescind a contract for up to three days after the receipt of the Disclosure Summary. 360 Developers argued that it was exempt from section 720.401 requirements, pursuant to subsection (2), and that it otherwise satisfied the disclosure requirements of section 718, Florida Statutes (2004).
The Legislature has enacted Chapter 718 to deal with condominium associations and Chapter 720 for homeowner associations. Each chapter has its own set of disclosure requirements. While Chapter 718 includes disclosures for both condominium and homeowner associations, Chapter 720 limits its disclosures to homeowner associations. Chapter 720, however, contemplates situations where a homeowner association is part of a community governed by other statutes and, when it is, *812 the chapter specifically authorizes alternative disclosures pursuant to those other statutes.
Thus, immediately following the disclosure requirements set forth in section 720.401, subsection (2) identifies two instances when the disclosure summary form is not required:
This section does not apply to any association regulated under Chapter 718, Chapter 719, Chapter 721, or Chapter 723; and also does not apply if disclosure regarding the association is otherwise made in connection with the requirements of Chapter 718, Chapter 719, Chapter 721, or Chapter 723.
We read this to mean that section 720.401does not apply, in pertinent part, (1) when the association is regulated under Chapter 718; and (2) if disclosure is otherwise made in connection with Chapter 718. We therefore conclude that 360 Developers was not subject to the requirements of section 720 because the unambiguous language of subsection (2) specifically says that the section does not apply.
The dissent points out that “[sjection 720.401is a consumer protection statute.” However well intended, the language of the statutes does not require disclosures under both Chapter 718 and 720. To the contrary, it specifically states that section 720.401“does not apply if disclosure regarding the association is otherwise made in connection with the requirements of Chapter 718.... ” For us to find as the dissent urges, we would have to rewrite the statute to say that “[t]his section shall apply even when disclosures are made under Chapter 718.”
The record reflects that 360 Developers made the required disclosures under Chapter 718. We therefore affirm the trial court’s dismissal of the complaint and decline to address all other issues raised in this appeal.
Affirmed.
SCHWARTZ, Senior Judge, concurs.